PSYCHIATRIC INSTITUTES OF
AMERICA, INC.

v.

Margaret HECKLER, Secretary, Department of Health & Human Services, United States of America.

Civ. A. No. 83–4959.

United States District Court,
E.D. Louisiana.

Oct. 19, 1984.

James A. Cobb, Jr., Gretna, La., for plaintiff.

Eneid Francis, Asst. U.S. Atty., New Orleans, La., Mark S. Joffe, Dept. of Health & Human Services, Rockville, Md., for defendant.

ROBERT F. COLLINS, District Judge.

This matter is before the Court on motion of counsel for the defendant, Margaret Heckler, Secretary of Health & Human Services, seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to plaintiff's claims against them.

Wherefore, after a careful consideration of the submitted memoranda, the arguments of counsel, the facts of this case, and the applicable law, the Court will GRANT defendant's motion for summary judgment.

## REASONS

*Procedural Background*

The plaintiff, Psychiatric Institutes of America, Inc. (PIA), instituted this action against defendant, Margaret Heckler, Secretary of Health and Human Services (Secretary), seeking to enjoin the Secretary from making a determination on the proposal of one, Dr. Dorsey W. Dysart, for approval of a proposed neuropsychiatric hospital, pursuant to Section 1122 of the Social Security Act, 42 U.S.C. § 1320a–1, *et seq.* An injunction[1] is sought pending the resolution of plaintiff's appeal from the dismissal of its petition in state court in a related case. The Secretary has voluntari-

ly agreed not to make the determination that is the subject of this litigation pending the outcome of this federal suit.

The gist of PIA's claim is that approval by the Secretary will, by the unequivocal terms of 42 U.S.C. § 1320a–1(f), deprive PIA of the causes of action set forth in its state court petition, since subsection (f) precludes any administrative or judicial review of a decision made by the Secretary. The Secretary has in turn brought this motion for summary judgment or alternatively for dismissal of PIA's petition. The Secretary challenges PIA's right to an injunction, the jurisdiction of the Court, and raises the question of whether PIA has exhausted its administrative remedies.

*Statutory and Regulatory Background*

Prior to 1972, the Department of Health, Education and Welfare, now the Secretary, reimbursed hospitals and other health care facilities for the cost of providing service to Medicare, Medicaid and other federal beneficiaries. The amounts which were reimbursed included the costs attributable to building and equipping those facilities. In 1972, to assure that federal assistance for capital expenditures was not used to support unnecessary capital expenditures and to assure that federal reimbursements for capital expenditures were consistent with state plans, Congress enacted Section 1122 of the Social Security Act, 42 U.S.C. §§ 1320a–1 *et seq.*[2]

Section 1122 provides that interested states may enter into an agreement with the Secretary whereby the State agrees to review certain capital expenditures proposed by or on behalf of health care facilities located within the State. This review is made under the auspices of a state designated planning agency (DPA). The Secre-

1. In its complaint, the plaintiff requested a temporary restraining order, a preliminary injunction, and a permanent injunction. Since the plaintiff has not pursued any temporary injunctive relief, the Court assumes the sole relief now requested by the plaintiff is a permanent injunction.

2. The legislative intent of Section 1122 makes clear that Congress became concerned, however, that automatically reimbursing all health care facilities for capital expenditures might undermine the comprehensive plans states had developed for health care facilities. H.R.Rep. No. 92–231, 92 Cong., 2d Sess., reprinted in [1972] U.S.Code Cong. & Ad.News 4989, 5065–66.

tary has entered into such an agreement with the State of Louisiana.

Under the terms of this agreement, the Louisiana Department of Health and Human Resources is the DPA. The DPA's primary responsibility under this program is to review proposed capital expenditures and make a finding as to whether the proposal is consistent with the applicable standards, criteria and plans developed pursuant to the Public Health Service Act. *See* Section 1122(b). If the DPA makes a negative finding, the Section 1122 regulations, 42 CFR 100.106(a), require that an applicant be given the opportunity for a fair hearing at the state administrative level to appeal the adverse finding. If the hearing officer affirms the DPA's negative finding, the applicant may further appeal that adverse finding at the state court level if such an appeal is available under state law. Section 1122 and its implementing regulations do not provide for an appeal from a favorable finding by the DPA.

The DPA submits the state's finding as to whether the proposal is consistent with applicable standards, criteria and plans to the Secretary of HHS. After receiving this finding from the State, the Secretary makes a determination whether to withhold capital-related Medicare and Medicaid reimbursement from the facility. Section 1122(d)(1) requires the Secretary of HHS to withhold Medicare and Medicaid funds from a health care facility if the Secretary determines that either of two circumstances is present: (1) the facility has failed to give notice to the DPA of its intent to incur an obligation for a capital expenditure at least 60 days before incurring that obligation; or (2) the DPA, in accordance with certain procedural requirements, finds that the proposal is inconsistent with the applicable plans, criteria or standards (unless that finding is modified by a state hearing officer or state court).

The authority to make this initial federal determination under Section 1122 has been delegated to the Department's Regional Health Administrator (RHA). Once the RHA has made its determination, Section 1122(f) gives any person the right to request the Secretary to reconsider the determination of the RHA. The authority to reconsider Section 1122 determinations has been delegated to the Administrator, Health Resources and Services Administration (Administrator). Section 1122(f) precludes further administrative or judicial review after the determination of the RHA is reconsidered by the Administrator. 42 U.S.C. 1320a–1(f).

*Factual Background*

On October 1, 1982, Dr. Dorsey W. Dysart submitted his application for approval of a capital expenditure to build a 36-bed psychiatric hospital at a cost of $5,969,-522.00 to the Louisiana Department of Health and Human Resources (the DPA). The DPA made an initial finding of non conformity, thereby denying Dr. Dysart's application for approval of capital expenditures. Dr. Dysart requested a hearing pursuant to 42 C.F.R. 100.100, *et seq.* to review the initial finding of the DPA. The review hearing was held on February 11, 1983 before hearing officer, Stephen Marks, and on May 16, 1983 Marks reversed the findings of the DPA and remanded the application to the DPA for a new determination consistent with his Opinion. The DPA again made a determination of non conformity, and Dr. Dysart appealed this adverse finding as well. On August 23, 1983, Stephen Marks reversed the negative finding of the DPA and ordered that a favorable finding be made as to Dr. Dysart's application.

On October 5, 1983, PIA filed an action in the 19th Judicial District Court for the State of Louisiana challenging the propriety of the August 23, 1983 decision of Stephen Marks which ordered the DPA to make a favorable finding as to Dr. Dysart's application.[3] Simultaneously, this federal

---

3. The substance of that action, No. 271320 "F", is to recall and vacate a "Certificate of Need" issued by the Louisiana Department of Health

and Human Resources (DHHR) on a variety of grounds. *See* "Exhibit A" which details the many grounds which PIA alleges render the

action was filed seeking to enjoin the Secretary from making a Section 1122 determination regarding Dr. Dysart's proposal pending the resolution of PIA's state court action.

On October 21, 1983, Judge Lewis S. Doherty dismissed PIA's state court petition on the ground that PIA lacked standing to challenge the alleged irregularities.[4] On November 7, 1983, PIA perfected an appeal to the Louisiana Court of Appeals for the First Circuit, and that appeal is currently pending.

*Discussion*

The Eleventh Circuit in *Newman v. State of Alabama,* 683 F.2d 1312 (11th Cir.1982), stated the test used to determine whether a plaintiff is entitled to a permanent injunction. The Eleventh Circuit stated:

> [A] plaintiff must first establish the fact of the violation. *Rizzo v. Goode,* 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976). He must then demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law. *Id.* at 1319.

■ Regarding the first element of the test, the plaintiff's position is that if the RHA acts in this matter before the state court rules on the hearing officer's finding, the plaintiff will effectively be deprived of its state court cause of action because further administrative or judicial review of the RHA's decision is precluded. *See* Plaintiff's Petition, Part V. Plaintiff, however, has identified no legal basis on which it alleges that it has a right to state review of the hearing officer's decision. Absent a right to this review, plaintiff can show no violation against which an injunction will lie. Furthermore, as discussed more fully below, administrative review of the RHA's decision is specifically provided for in the statute.

Certificate defective. The Certificate is partly comprised of form HRSA–712 entitled "Record of State and Local Action Pursuant to Section 1122" and is in essence a binding recommendation on the Secretary to grant Dysart approval.

The RHA's responsibilities are prescribed by Section 1122. For plaintiff to prevail, it must show that the RHA's actions would be a violation of law. Plaintiff identifies no law which it alleges has been or will be violated. We must assume, therefore, that plaintiff is addressing the requirements of Section 1122.

Section 1122 and § 100.106 of the implementing regulations (42 CFR 100.106) do not give an appeal right to nonapplicants to challenge a favorable state finding. The RHA would, therefore, not violate Section 1122 by making a determination without waiting for the final outcome of the state court case. Section 1122(b)(3) requires that the DPA establish procedures under "which a *person proposing any such capital expenditure* may appeal a recommendation by the designated agency and will be granted an opportunity for a fair hearing (emphasis added)." No right is granted to persons other than the applicant to appeal through state proceedings a favorable finding made by the DPA or a hearing officer. This lack of an appeal right for opponents of an application has been expressly recognized by two U.S. Circuit Courts of Appeals and the Supreme Court of Louisiana. The Fifth Circuit in *Hollingsworth v. Schweiker,* 664 F.2d 526 (1981), stated:

> Congress only required that the proponent of a facility be given the right to protest the state agency's initial determination. See 42 U.S.C. § 1320a–1(d)(1)(B)(ii)(II); *Wilmington United Neighborhoods v. HEW,* 615 F.2d 112, 121 (3rd Cir.), *cert. denied,* 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30 (1980). Thus, if the state agency erroneously determines that a facility should be reimbursed for its capital expenditures, an opponent of that facility would be unable to request a state hearing officer to review the agency's decision. *Id.* at 529.

4. *See* Plaintiff's Exhibit B for a copy of Judge Doherty's oral reasons for this decision.

The Third Circuit in *Wilmington United Neighborhoods v. United States,* 615 F.2d 112 (3rd Cir.1980), similarly held:

> [W]e remain convinced that the DPA's approval of a capital expenditure is unreviewable under Section 1122.
>
> \* \* \* \* \* \*
>
> Participating states are required to establish procedures by which adverse decisions of the DPA may be appealed by proponents of capital expenditures. See Section 1122(d)(1)(B)(ii), 42 U.S.C. § 1320a–1(d)(1)(B)(ii). It does not require, however, the establishment of such appeal procedures for opponents of proposals that have been approved. *Id.* at 121.

A conclusion that Section 1122 granted no appeal rights to opponents was also reached by the Supreme Court of Louisiana in *Lifemark Corp. v. Guissinger,* 416 So.2d 1279 (La.Sup.Ct.1982). The Court reviewed a decision by a trial judge that overturned a favorable Section 1122 finding by the DPA in an action brought by an opponent of the capital expenditure involved. The Louisiana Supreme Court found that the trial judge erred in taking that action because:

> Since federal law does not contemplate a procedure for the opponents of proposals that have been approved and Louisiana has not established one, we must conclude that plaintiffs are not entitled to oppose the certificate of approval issued to NME. Therefore, the trial judge erred in recalling and vacating the certificate of approval issued by DPA to NME. *Id.* at 1281.

Since the plaintiff has no right to challenge the hearing officer's finding in state or federal court, that finding must in this case serve as the final state finding on which the RHA will necessarily base his determination. Thus, if the RHA makes his determination based on Mr. Marks' finding, a violation of Section 1122 will not occur, regardless of the outcome of the plaintiff's state court action. Absent a showing that a violation of any law would result, a permanent injunction will not lie.

■ The remaining two elements necessary to entitle the plaintiff to a permanent injunction are also not present. The first element is that the plaintiff demonstrate continuing irreparable injury if the injunction does not issue. Courts will not find irreparable injury where the injury is merely speculative. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.,* 536 F.2d 730 (7th Cir.1976). Plaintiff has received a favorable Section 1122 decision regarding its application to build a psychiatric hospital in the vicinity of the hospital proposed by the plaintiff. At this time, neither the plaintiff's nor Mr. Dysart's facility has been built. It is mere speculation to assume that the establishment of the Greenbrier Neuropsychiatric Hospital will cause any injury, much less irreparable injury, to the plaintiff's yet-to-be-built facility. (*See also B & W Gas, Inc. v. General Gas Corporation,* 247 F.Supp. 339 (N.D.Ga.1965), where the Court refused to find irreparable damage upon application for a preliminary injunction where the damages alleged were reduced profits resulting from competition.)

■ The last element of the test is a determination that there is no adequate remedy at law. Plaintiff's allegation that a determination by the RHA in this matter is not subject to further administrative review is incorrect. As explained in the Statutory and Regulatory Background section, the Administrator, Health Resources and Services Administration, has the authority to reconsider Section 1122 determinations made by the Regional Health Administrator. Under Section 1122(f), any person is given the right to request reconsideration of the initial determination under Section 1122. Therefore, the plaintiff does have an adequate remedy at law.

In addition, Section 1122(f) states that a "determination by the Secretary under this section shall not be subject to administrative or judicial review." This section has also been interpreted to preclude review of not only the Secretary's determination, but a DPA's finding of conformity. In its hold-

ing in *Wilmington United Neighborhoods, supra*, the Third Circuit stated.

> The district court held that while "section 1122(f) does not expressly preclude judicial review of DPA approvals, ... nonreviewability may be inferred from a statute's purpose and its legislative history." [*Wilmington United Neighborhoods v. United States Dept. of Health*] 458 F.Supp. [628] at 641. We agree. Congress intended with Section 1122 to contain "hospital costs by limiting federal reimbursements covering capital expenditures for health care to those expenditures *deemed necessary by the state.*" and to encourage "rational health planning by the states." *NAACP v. Medical Center, Inc.*, 584 F.2d [619] at 627–28 [3rd Cir.1978]. (Emphasis supplied.) The legislative history demonstrates that Congress envisioned that "[t]he bill would in no way change the autonomy or authority of existing State or local planning agencies" is to hold that the DPA's determinations are reviewable. We decline to do so. 615 F.2d at 119.

 Because this Court lacks jurisdiction to review either a Section 1122 determination by the Secretary or a state's finding of conformity, this Court also has no jurisdiction to enjoin the Secretary from making a determination pending state judicial review of a DPA finding of conformity. To permit a review in this instance would allow a competitor to circumvent the preclusion of judicial review provision under Section 1122(f). Section 1122(f) must necessarily be interpreted to apply when a plaintiff seeks to enjoin a determination as well as to the case of a challenge to the determination itself.

Finally, the jurisprudence is clear that judicial relief must be denied until all administrative remedies have been exhausted. The Supreme Court in *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), stated:

> [T]he long-settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Id.* at 50–51, 58 S.Ct. at 463.

Section 1122(f) expressly gives "any person" the right to request the Secretary to reconsider a determination made under Section 1122. This right to request reconsideration of the Secretary's determination is found in § 100.108(d) of the Section 1122 program regulations (42 CFR 100.108(d)). Should the plaintiff be dissatisfied with the determination made by the RHA in Dallas, then it would have an administrative remedy—the right to obtain a reconsideration of that determination by the Administrator of the Health Resources and Services Administration.

Accordingly, and for the reasons outlined above, the Court will GRANT defendant's motion for summary judgment.